FILED'08 JAN 11 16:41USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY ANDERSON SPRY,

        Petitioner,

   v.

STATE OF OREGON,

        Respondent.

Civil No. 05-6086-BR

OPINION AND ORDER

**SAMUEL C. KAUFFMAN**
Garvey Schubert Barer
Eleventh Floor
121 SW Morrison St.
Portland, OR 97204

    Attorney for Petitioner

**HARDY MYERS**
Attorney General
**JONATHON W. DIEHL**
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court **DENIES** the Petition for Writ of Habeas Corpus.

## BACKGROUND

On July 15, 1996, Petitioner was arraigned in Lane County Circuit Court on charges of Burglary in the First Degree, Menacing, Criminal Mischief in the Second Degree, and Harassment. The arraignment judge appointed attorney Thomas Orr to represent Petitioner.

At the time, Petitioner was serving a parole-violation sanction in the custody of the Oregon Department of Corrections. On November 26, 1996, Petitioner was transferred from the Oregon State Penitentiary to the Lane County Jail. Unless Petitioner consented to a continuance, the court was required to bring Petitioner to trial on the Lane County charges within 60 days or to release him from custody. See Or. Rev. Stat. § 136.290 (1995). Consistent with Oregon law, the court set Petitioner's trial date for December 17, 1996.

On December 13, 1996, Mr. Orr moved to withdraw as counsel after Petitioner asked him to do so. Petitioner told the court he wanted Orr to withdraw because he could "no longer come to any kind of reasonable agreement" with Orr regarding the representation. The court advised Petitioner that, unless he

2 - OPINION AND ORDER -

waived his statutory right to be tried within 60 days of his arrival at the county jail, it would be difficult to find "an attorney that can get ready and adequately represent you within that period of time." The court urged Petitioner to "make sure that indeed you at this point do not wish to have Mr. Orr represent you" because "you may put yourself in some peril if Mr. Orr withdraws from the case, and then within [the 60-day limit] a new attorney has to be appointed, and that attorney has to do the work to prepare for trial and represent you." Petitioner answered that he still wanted Orr to withdraw. The court granted the motion, and set trial over to January 16, 1997.

On December 20, 1996, Petitioner returned to the courtroom. His second court-appointed attorney, Edmund Spinney, told the court he wished to withdraw as counsel. Spinney's motion stated that Petitioner had not waived his rights under the 60-day rule and that Spinney could not be prepared for the January 16 trial because he would be out of town on vacation for two weeks during the intervening period. The court allowed Spinney to withdraw.

On December 23, 1996, Petitioner's third court-appointed attorney, Robert Manders, moved to withdraw as counsel. Manders' motion explained that he was due to be out of town for a week, that Petitioner was not willing to waive the 60-day rule, and that he could not prepare adequately for trial by January 16. The court allowed Manders to withdraw.

3 - OPINION AND ORDER -

On January 3, 1997, Petitioner fourth court-appointed attorney, Jeffrey Murdock, moved to withdraw because Petitioner "was refusing to cooperate with [him] in any manner" making it "not possible to effectively represent" Petitioner. Petitioner wanted Murdock to withdraw because of personal differences arising out of Murdock's prior representation in another case.

The judge asked Murdock if he thought there was any way another attorney could be prepared by the January 16 trial date. Murdock did not. The judge then addressed Petitioner:

> The chances of you being able to go to trial in a couple of weeks are getting down to slim. That is because just about any attorney is going to have to do some work to represent you effectively in this matter. . . . You have had four attorneys. They have been allowed to withdraw for different reasons, but I think I am seeing a thread here. I want you to work very carefully and closely with your next attorney to prepare for trial. . . . At this point I am leaving the trial on although I would imagine that your new attorney will be moving for a postponement.

The court then appointed William Kent to represent Petitioner.

On the morning of January 16, 1997, Kent informed the court that he and Petitioner "don't seem to be able to communicate" and had "substantial difference of opinion how to proceed" with the case. Because of the short amount of time since his appointment, Kent explained he hadn't been able to prepare an adequate defense or subpoena several witnesses. Kent explained that Petitioner had "some strong beliefs" about not waiving his 60-day speedy trial right and told the court that, unless Petitioner did waive his

4 - OPINION AND ORDER -

right, trial could only be postponed for about another week. Kent also explained that he would move to withdraw if trial was not rescheduled.

Petitioner objected to Kent's motion to withdraw. He also stated that he was not ready for trial, but that he nonetheless objected to any postponement.

The court granted Kent's motion to withdraw and declined to set the trial over. The court also declined to appoint another attorney for Petitioner, explaining:

> Let me state for the record how I understand the situation. You've been appointed five different attorneys, all of whom this Court has had a personal experience in watching them work in representing criminal defendants, all of whom are highly skilled and are effective counsel. You've had three of them that have moved to withdraw because they cannot get your cooperation on this case; Mr. Orr, Mr. Murdock, and now Mr. Kent. Sir, this isn't a situation where you get to pick and choose and rifle through a list of court-appointed attorneys.

The prosecutor informed the court Petitioner had engaged in the same conduct in another case, in which four different attorneys withdrew because they were unable to get along with Petitioner. Over Petitioner's objection, the court found that the circumstances of that case were relevant in forming an opinion about Petitioner's ability to work with counsel.

Later that morning, Petitioner appeared in front of the judge who would preside at his trial. That judge asked Petitioner if he wished to proceed to trial that day. Petitioner replied that he

did not want to proceed *pro se*, but that he would not waive his 60-day rights. The court informed Petitioner "[i]f you are not giving up your right to a fast and speedy trial, it is necessary to proceed to trial today but you are acting as your own attorney." Petitioner told the court he wanted an attorney, but that he also wanted "to have the case tried today."

The trial judge declined to appoint new counsel, but offered to re-appoint Kent to act as standby counsel. Petitioner replied that he would like standby counsel but did not want Kent because he did not trust him. The trial judge appointed William Ray to act as standby counsel.

The case proceeded to trial, and a jury convicted Petitioner of Burglary in the First Degree, Menacing, and Criminal Mischief in the Second Degree. The jury acquitted Petitioner on the Harassment charge. The trial judge sentenced Petitioner to a total of 120 months' imprisonment.

Petitioner appealed. In a written opinion, the Oregon Court of Appeals concluded the trial court did not err in requiring Petitioner to proceed to trial without counsel. *State v. Spry*, 166 Or. App. 26, 999 P.2d 485 (2000). The Oregon Supreme Court denied review. *State v. Spry*, 331 Or. 244, 18 P.3d 1100 (2000).

Petitioner filed a petition for state post-conviction relief ("PCR"). The PCR trial judge rejected all of Petitioner's claims, holding that his claims against the trial court were barred and

6 - OPINION AND ORDER -

that because he represented himself at trial he was not denied the right to effective assistance of counsel. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *Spry v. Lampert*, 196 Or. App. 353, 103 P.3d 1211 (2004), *rev. denied*, 338 Or. 16, 107 P.3d 26 (2005).

On April 19, 2006, Petitioner filed his habeas corpus Petition in this court. Petitioner alleged numerous claims in his Petition, but addresses only one claim in his memorandum in support:[1] that his constitutional right to counsel was violated when the state trial court declined to appoint another attorney to represent him at trial. Respondent concedes that Petitioner fully exhausted this claim in state court, but argues that the Oregon Court of Appeals decision denying relief is entitled to deference.

## **LEGAL STANDARDS**

This Court may grant a writ of habeas corpus only if the state court proceeding: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

---

[1] Petitioner did not specifically waive the remaining claims alleged in his Petition. Upon review of the claims and Respondent's uncontroverted response, the Court concludes Petitioner is not entitled to relief on the unaddressed claims. See 28 U.S.C. § 2248 ("[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.")

7 - OPINION AND ORDER -

United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Section 2254(d)(1) applies to challenges to purely legal questions resolved by the state court and section 2254(d)(2) applies to purely factual questions resolved by the state court. *Lambert v. Blodgett*, 393 F.3d 943, 978 (9th Cir. 2004), *cert. denied,* 546 U.S. 963 (2005). Therefore, the question whether a state court erred in applying the law is a different question from whether it erred in determining the facts. *Rice v. Collins*, 546 U.S. 333 (2006). In conducting its review, the Court "look[s] to the last-reasoned state-court decision." *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003), *cert. denied,* 541 U.S. 1037 (2004).

Section 2254(d)(1) consists of two alternative tests, *i.e.,* the "contrary to" test and the "unreasonable application" test. *See Cordova v. Baca*, 346 F.3d 924, 929 (9th Cir. 2003). Under the first test, the state court's "decision is contrary to clearly established federal law if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result." *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003) (citing *Williams v. Taylor*, 529 U.S. 362, 413-414 (2000)). Under

8 - OPINION AND ORDER -

the second test, "'[a] state court's decision involves an unreasonable application of federal law if the state court identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the prisoner's case.'" *Van Lynn*, 347 F.3d at 738 (quoting *Clark*, 331 F.3d at 1067). Under the "'unreasonable application clause ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly ... [r]ather that application must be objectively unreasonable.'" *Clark*, 331 F.3d at 1068 (quoting *Lockyer v. Andrade*, 538 U.S. 63 (2003)). When evaluating whether the state decision amounts to an unreasonable application of federal law, "[f]ederal courts owe substantial deference to state court interpretations of federal law." *Cordova*, 346 F.3d at 929.

Under section 2254(d)(2), which involves purely factual questions resolved by the state court, "the question on review is whether an appellate panel, applying the normal standards of appellate review, could reasonably conclude that the finding is supported by the record." *Lambert*, 393 F.3d at 978; *see also Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir.), *cert. denied*, 534 U.S. 1038 (2004) ("a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely

9 - OPINION AND ORDER -

wrong, but actually unreasonable.") Section (d)(2) "applies most readily to situations where a petitioner challenges the state court's findings based entirely on the state record. Such a challenge may be based on the claim that the finding is unsupported by sufficient evidence, ... that the process employed by the state court is defective, ... or that no finding was made by the state court at all." *Taylor*, 366 F.3d at 999 (citations omitted).

In examining the record under section 2254(d)(2), the federal court "must be particularly deferential to our state court colleagues ... [M]ere doubt as to the adequacy of the state court's findings of fact is insufficient; 'we must be satisfied that any appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.'" *Lambert*, 393 F.3d at 972 (quoting *Taylor*, 366 F.3d at 1000). Once the federal court is satisfied that the state court's fact-finding process was reasonable, or where the petitioner does not challenge such findings, "the state court's findings are dressed in a presumption of correctness, which then helps steel them against any challenge based on extrinsic evidence, *i.e.*,

10 - OPINION AND ORDER -

evidence presented for the first time in federal court."[2] *Taylor*, 366 F.2d at 1000.

## DISCUSSION

Here, the Oregon Court of Appeals held on direct appeal that the trial court properly required Petitioner to proceed to trial without counsel. The Court of Appeals found the necessity of immediately proceeding to trial was a direct result of Petitioner's refusal to cooperate with several court-appointed attorneys and his refusal to waive his right to trial in 60 days.

Petitioner argues the Oregon Court of Appeals' decision is not entitled to deference for two reasons. First, Petitioner argues the decision was based on an unreasonable determination of the facts in light of the evidence presented in the trial court proceedings. Second, Petitioner argues the Oregon Court of Appeals' decision was an unreasonable application of clearly established federal law.

---

[2] Under section 2254(e) "a determination of a factual issue made by a State court shall be presumed to be correct." The "AEDPA spells out what this presumption means: State-court fact-finding may be overturned based on new evidence presented for the first time in federal court only if such new evidence amounts to clear and convincing proof that the state-court finding is in error.... Significantly, the presumption of correctness and the clear-and-convincing standard of proof only come into play once" it is found that the state court reasonably determined the facts in light of the evidence presented in the state proceeding. *Taylor*, 366 F.3d at 1000.

11 - OPINION AND ORDER -

### I. Unreasonable Determination of the Facts

Petitioner argues the Oregon Court of Appeals made several unreasonable errors apparent on the record. First, the Court of Appeals found Petitioner "was in custody and was subject to the release requirement of ORS 136.290(2), unless his trial began by January 16, 1997." *State v. Spry*, 166 Or. App. at 28 (footnote omitted). In fact, Petitioner notes, the 60-day period did not expire until Saturday, January 25, 1997, so the trial could have been set over to January 24, 1997.

Petitioner is correct that the trial court technically had until January 24, 1997, six days after the scheduled trial, to accommodate Petitioner's statutory speedy trial rights. The Oregon Court of Appeals' statement to the contrary, however, does not rise to the level of an unreasonable determination of facts. As described by the Ninth Circuit, the § 2254(d)(2) inquiry does not allow a federal court to "second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was *not merely wrong, but actually unreasonable.*" *Taylor*, 336 F.3d at 999 (emphasis added). In the absence of clear and convincing evidence to the contrary, and in light of statements made by the trial court of the need to proceed to trial on January 16, 1997, this Court cannot find that the Oregon Court of Appeals' determination was actually unreasonable.

12 - OPINION AND ORDER -

Second, Petitioner argues the Court of Appeals incorrectly characterized Petitioner's difficulty in retaining his appointed counsel. The Court of Appeals concluded:

> Here, the trial court did not err in requiring [Petitioner] to proceed to trial without counsel. The necessity of doing so was completely the result of [Petitioner's] refusal to cooperate with several court-appointed lawyers and his refusal to waive his right to trial in 60 days. Throughout this matter, [Petitioner] was repeatedly warned of the situation that he was creating by refusing to cooperate with counsel and refusing to waive his right to trial in 60 days. He was given a reasonable opportunity to avoid the necessity of going to trial without counsel. Nonetheless, he chose a course of action that resulted in just that.

*Spry*, 166 Or. App. at 29.

Petitioner disputes this characterization. He contends that only attorney Murdock specifically complained that Petitioner refused to cooperate and moved to withdraw on that basis. With respect to the other attorneys, Petitioner notes attorney Orr's motion was based on a mutual decision that continued representation would not be beneficial, and that although attorney Kent indicated he and Petitioner had "a substantial difference of opinion," and that Petitioner had "strong beliefs" regarding his speedy trial rights, Kent did not specifically indicate Petitioner refused to cooperate or asked him to withdraw.

The Court disagrees. The Oregon Court of Appeals' characterization of Petitioner's inability to work with his various attorneys is eminently reasonable. Certainly, attorneys

13 - OPINION AND ORDER -

Spinney and Manders' reason for withdrawal was unrelated to Petitioner. The other three attorneys, however, indicated Petitioner was not satisfied with their representation. Accordingly, the Oregon Court of Appeals' finding is entitled to deference and Petitioner is not entitled to habeas corpus relief on this basis.

## II. Unreasonable Application of Clearly Established Federal Law

Petitioner also argues the state court's decision requiring Petitioner to proceed to trial without counsel violated Petitioner's Sixth Amendment rights. Further, Petitioner argues the Oregon Court of Appeals' decision upholding the trial court was an unreasonable application of clearly established federal law, not entitled to deference in this court.

The right to competent counsel is guaranteed an indigent criminal defendant under the Sixth Amendment. *Gideon v. Wainwright*, 372 U.S. 335, 343-44 (1963). It is also true that a criminal defendant has the constitutional right to represent himself. *Faretta v. California*, 422 U.S. 806 (1976). The right to represent oneself, however, "does not encompass the right to choose any advocate if the defendant wishes to be represented by counsel." *Wheat v. United States*, 486 U.S. 153, 159 n.3 (1988). Because the Constitution does not embody a right to a "meaningful relationship with counsel," an indigent criminal defendant must

14 - OPINION AND ORDER -

either proceed with the competent counsel appointed by the state, or proceed *pro se*. *Morris v. Slappy*, 461 U.S. 1 (1983).

A speedy trial is also a fundamental right guaranteed the accused by the Sixth Amendment and imposed by the Due Process Clause of the Fourteenth Amendment on the states. *Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967). The right to counsel and the right to a speedy trial can, as here, conflict. *See Hunt v. Mitchell*, 261 F.3d 575 (6th Cir. 2001).

In *Hunt*, the Sixth Circuit found a petitioner who refused to waive his speedy trial rights and was forced to trial with an unprepared, appointed attorney was entitled to habeas corpus relief under § 2254(d)(2). *Id*. Relief was granted because, as the Supreme Court stated, it is "intolerable" to force a criminal defendant to surrender one constitutional right in order to assert another. *See Simmons v. United States*, 390 U.S. 377, 394 (1968).

*Hunt* is, however, distinguishable from the case at hand. There, the defendant was not arraigned until his 89th day of custody, and no counsel was ever appointed until the morning of trial. *Hunt*, 261 F.3d at 578. Moreover, the trial judge refused to allow even a ten-minute meeting between counsel and the defendant before trial commenced. *Id.* at 578-79.

Here, Petitioner had ample opportunity over the 60-day speedy trial period to meet with counsel and prepare for trial. His

15 - OPINION AND ORDER -

inability to cooperate with his appointed attorneys coupled with his refusal to waive speedy trial rights does not rise to the level of "coercion" prohibited by *Simmons*. The Oregon Court of Appeals' conclusion that the necessity of proceeding without counsel "was completely the result of [Petitioner's] refusal to cooperate with several lawyers and his refusal to waive his right to trial in 60 days" and that Petitioner "was given a reasonable opportunity to avoid the necessity of going to trial without counsel" was correct, and did not contravene any clearly established Supreme Court precedent. As such, Petitioner is not entitled to habeas corpus relief in this court.

### CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus and DISMISSES this action.

IT IS SO ORDERED.

DATED this 1th day of January, 2008.

ANNA J. BROWN
United States District Judge